UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HONNA[1], Petitioner, v. CENTRAL VALLEY ANNEX, Respondent. | No. 1:26-cv-06853-DC-AC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 4) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 4), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondent does not oppose this court resolving Petitioner's habeas petition together with his motion for a temporary restraining order. (Doc. No. 8 at 2.) Given that Petitioner is proceeding pro se and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that the government violated its own regulations and Petitioner's right to due process when it revoked Petitioner's release on an order of supervision without adhering to the procedures

[1] Petitioner's surname in both his petition and immigration documentation is spelled "Hanna." Thus, it appears that the surname "Honna" listed on the court's docket is misspelled. The court will direct the Clerk of the Court to correct the spelling of Petitioner's surname on the court docket.

outlined in 8 C.F.R. § 241.13(i). Thus, the court will grant Petitioner's motion for a temporary restraining order and petition for writ of habeas corpus and order Petitioner's immediate release.

**BACKGROUND**

Petitioner Michael Hanna is a native of Syria who became a lawful permanent resident of the Unted States on February 12, 1998. (Doc. No. 8-1 at 1, 4.) Petitioner was ordered removed to his native Syria on January 29, 2018, following his 2010 criminal conviction for conspiracy to defraud the United States. (Doc. No. 8-3.) However, the immigration judge deferred Petitioner's removal to Syria pursuant to the Convention Against Torture. (*Id.* at 1.) Petitioner was released from immigration detention on an order of supervision at an unknown time after the issuance of his order of removal. (Doc. No. 8 at 2.) Petitioner was granted employment authorization from June 24, 2024 to June 23, 2025. (Doc. No. 8-1 at 4.)

On June 1, 2026, Petitioner was arrested in Hillsborough County, Florida, on charges relating to driving under the influence and possession of cocaine. (*Id.*) On June 14, 2026, Petitioner was transported from the Hillsborough County Jail to immigration custody. (*Id.*) He has remained in immigration custody since that time. (*Id.*)

On August 27, 2026, petitioner filed the operative habeas petition alleging that the revocation of his order of supervision and his continued immigration detention violates his constitutional right to due process and his statutory rights under the Immigration and Nationality Act ("INA"). (Doc. No. 1 at 6.) On September 21, 2026, Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 4.) On September 25, 2026, Respondent filed an omnibus opposition to Petitioner's motion for a temporary restraining order and response to Petitioner's habeas petition. (Doc. No. 8.) In its opposition, Respondent indicates that it "does not oppose the Court ruling directly on" the habeas petition. (*Id.* at 1.) Petitioner has not yet filed a reply.

**LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in [immigration] custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

United States Immigration and Customs Enforcement ("ICE") is authorized to detain noncitizens subject to final orders of removal pursuant to 8 U.S.C. § 1231, which provides for a 90-day "removal period" during which the noncitizen is subject to mandatory detention while ICE arranges removal. 8 U.S.C. § 1231(a)(1). If the noncitizen's removal is not effectuated during the removal period, ICE may continue to detain certain categories of noncitizens or release them on an order of supervision. *Id.* § 1231(a)(3), (6). However, if the noncitizen's post-order detention exceeds six months and "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Upon release, a noncitizen subject to a final order of removal must comply with the terms provided in his order of supervision. 8 U.S.C. § 1231(a)(3). If the noncitizen violates the terms of the order of supervision, or if "on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," ICE may revoke the noncitizen's release. 8 C.F.R. § 241.13(i). Upon such a determination:

> [T]he alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien

> an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

*Id.* § 241.13(i)(3).

Here, Petitioner contends that he was re-detained by ICE agents "without the corresponding evidence that satisfies [] 8 C.F.R. [§] 241.13" including providing "notice of the reason for [his] revocation of release or promptly conducting an informal interview." (Doc. No. 1 at 6.) In its opposition, Respondent acknowledges that ICE has been unable to furnish any evidence indicating that Petitioner was notified of the basis for the revocation of his release or that an initial informal interview was conducted. (Doc. No. 8 at 2.)

Government agencies are required to follow their own regulations. *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Further, "where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute, like the opportunity to be heard, and ICE fails to adhere to it, the challenged action is invalid." *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (citation modified). Numerous courts within this district, including this court, have found that ICE's failure to comply with the procedures detailed in § 241.4(i) constitutes a violation of the noncitizen's constitutional right to due process. *See, e.g., Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2026); *Orellana Quintanilla v. Mullin*, No. 1:26-cv-06627-DJC-CKD, 2026 WL 2660124 (E.D. Cal. Sep. 9, 2026).

Here, Petitioner alleges—and Respondent does not meaningfully contest—that ICE failed to comply with § 241.13(i) when it revoked Petitioner's release on an order of supervision. (Doc. Nos. 1 at 6; 8 at 2.) Thus, as in *Hoac*, the court finds that ICE's failure to comply with § 241.13(i) constitutes a violation of Petitioner's statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. The court will therefore grant Petitioner's habeas petition and motion for a temporary restraining order, and order

Petitioner's immediate release from immigration custody.

## CONCLUSION

For the reasons set forth above,

1. Petitioner Michael Hanna's (A-075-849-247) motion for a temporary restraining order (Doc. No. 4) and Petition for Writ of Habeas Corpus (Doc. No. 1) are GRANTED;
2. Petitioner shall be RELEASED IMMEDIATELY from Respondent's custody under the same conditions he was previously released under his order of supervision;
3. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
4. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
5. Respondent is ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i);
6. The Clerk of the Court is DIRECTED to correct the spelling of Petitioner's surname on the court docket to be spelled "Hanna," not "Honna";
7. The Clerk of the Court is DIRECTED to serve a copy of this order on the Central Valley Annex Detention Facility; and

/////

/////

/////

/////

/////

/////

8. The Clerk of the Court is DIRECTED to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 6, 2026**

Dena Coggins
United States District Judge